O

2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12    LEES MOOLSAN CO., LTD., a          )    CV 18-01276-RSWL-AFM
      South Korean company,             )
13                                       )
                    Plaintiff,           )    **ORDER re: Defendants**
14                                       )    **Triple Fashion and Lixin**
                                         )    **Dai's Motion to Dismiss**
15         v.                            )    **for Lack of Personal**
                                         )    **Jurisdiction** [42]
16                                       )
      ALEXIA ADMOR FRENCH                )
17    DESIGNER GROUP LTD., a New         )
      York Corporation, dba             )
18    ALEXIA ADMOR; BEYOND THE           )
      RACK USA, INC., a Delaware         )
19    Corporation, dba BEYOND THE        )
      RACK; BLUEFLY, INC., a             )
20    Delaware Corporation, dba          )
      BLUEFLY; BOSTON PROPER,            )
21    LLC, a Delaware Limited            )
      Liability Company, dba             )
22    BOSTON PROPER; NEIMAN              )
      MARCUS GROUP LTD, LLC, a           )
23    Delaware Limited Liability         )
      Company, dba NEIMAN MARCUS         )
24    LAST CALL; NORDSTROM, INC.,        )
      a Washington Corporation,          )
25    dba NORDSTROM RACK; and            )
      DOES 1 through 50,                 )
26    inclusive,                         )
                                         )
27                                       )
      _____   )
                    Defendants.          )
28

                              1

Currently before the Court is Defendants Triple Fashion and Lixin Dai's ("Defendants") Motion to Dismiss First Amended Complaint and Cross-Claim for Lack of Personal Jurisdiction ("Motion") [42]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendants Motion to Dismiss the Cross-Claim.

## I. BACKGROUND

### A. Factual Background

Plaintiff Lees Moolsan Co., Ltd., ("Plaintiff") is a South Korean company with its principal place of business in South Korea. First. Am. Compl. ("FAC") ¶ 4, ECF No. 15. Plaintiff is a fabric supplier. Defs.' Mem. P. & A. re Personal Jurisdiction ("Mem.") 4:3-4, ECF No. 42-1. Defendant Alexia Admor French Designer Group Ltd. ("Cross-Claimant") is a New York corporation with its principal place of business in New York City. FAC ¶ 5. Cross-Claimant is a garment designer and distributor. Gurfinkel Decl. ¶ 4, ECF No. 43-1.

Defendant Triple Fashion USA Corp. ("Triple Fashion") is a New York corporation with its principal place of business in New York. FAC ¶ 11. Triple Fashion has its sole office in New York City with three employees working there. Dai Decl. ¶ 8, ECF No. 42-2. None of Triple Fashion's employees reside or do business in California. <u>Id.</u> All of Triple Fashion's business operations and records are located in New

York.  Id.  Defendant Lixin Dai ("Dai") is the president of Triple Fashion.  Id. ¶ 2.  Dai is a resident of New Jersey and expects to remain there permanently for the foreseeable future.  Id. ¶ 3.

Triple Fashion has provided garment processing services for Cross-Claimant since 2012.  Id. ¶ 9. Around May of 2015, Cross-Claimant notified Plaintiff that it was interested in purchasing Plaintiff's fabric design number "LSP6163-1" (the "Subject Design"). Gurfinkel Decl. ¶¶ 9-10; FAC ¶ 15.  Cross-Claimant then told Triple Fashion to coordinate the manufacture of garments bearing the Subject Design.  Gurfinkel Decl. ¶ 11.  Rather than purchase the fabric or a license from Plaintiff as Cross-Claimant expected, Defendants manufactured three garments alleged to be an infringement on Plaintiff's copyright over the Subject Design.  Id. ¶17.  Defendants manufactured the garments in China, Dai Decl. ¶ 11, and then delivered three shipments of the garments to Cross-Claimant in New York on or about September 16, 2015, December 9, 2015, and January 8, 2015.  See Exs. D, H, I, ECF No. 42-3.  Once delivered to Cross-Claimant, Triple Fashion had no involvement in the distribution of the garments.  Dai Decl. ¶ 13.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] on February 16, 2018.  Plaintiff then filed its First Amended Complaint [15] on April 20, 2018, against Defendants Alexia

3

Admor, Triple Fashion, and Lixin Dai, among others,[1] for copyright infringement. Cross-Claimant Alexia Admor filed its Cross-Complaint against Defendants Triple Fashion and Lixin Dai [24] on May 11, 2018, for contractual indemnity. Defendants filed the instant Motion [42] on July 23, 2018. Cross-Claimant timely opposed [43], and Defendants timely replied [46]. Plaintiff stipulated to dismiss its First Amended Complaint against Defendants Triple Fashion and Dai [49] and the Court granted dismissal without prejudice [50] on September 10, 2018. Thus, only Alexia Admor's Cross-Claim remains against Defendants.[2]

## II. DISCUSSION

### A. <u>Legal Standard</u>

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that the court has jurisdiction over the defendant. <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006). A plaintiff need only make a prima facie showing of jurisdiction to survive dismissal. <u>Id.</u> (quoting <u>Doe v. Unocal</u>, 248 F.3d 915,

---

[1] Plaintiff is also suing five retailers (Beyond the Rack USA, Inc., Bluefly, Inc., Boston Proper, Neiman Marcus Group Ltd., and Nordstrom Rack) and unidentified parties who infringed or contributed to the infringement (Does 1-50). FAC ¶¶ 6-13.

[2] Defendants brought this Motion before the Court dismissed Plaintiff's First Amended Complaint against Defendants Triple Fashion and Dai. Defendants' Motion to Dismiss is thus **DENIED as MOOT** to the extent it applies to personal jurisdiction over Plaintiff's copyright claims alleged in the FAC.

922 (9th Cir. 2001)).  The plaintiff cannot simply rely on the "bare allegations" of its complaint; however, uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154 (citation omitted). California authorizes jurisdiction to the full extent permitted by the Constitution.  See Cal. Civ. Proc. Code § 410.10.  Thus, the only issue is due process. Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)(quotation omitted).

Due process requires that a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws.  See Asahi Metal Indus.

5

Co. v. Sup. Ct. of Cal., 480 U.S. 102, 109 (1987).

There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).

**B.  Discussion**

1.  Request for Judicial Notice

Cross-Claimant requests that the Court take judicial notice of Defendants' Motion to Dismiss in another case pending in the Central District of California. Cross-Claimant's Req. for Judicial Notice ("RJN"), ECF No. 43-2. Because courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts," the filing is appropriate for judicial notice. Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012)(internal citation omitted). Thus, the Court **GRANTS** Cross-Claimant's Request for Judicial Notice.

2.  Personal Jurisdiction Over Triple Fashion

a.  *General Jurisdiction*

The "paradigm" of a business entity's "home" is its place of incorporation and its principal place of

business.  <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 137 (2014).  There is no general jurisdiction on this basis over Triple Fashion because it is both incorporated and has its principal place of business in New York.  Def. Alexia Admor's Cross-Compl. ¶ 2, ECF No. 24.  Nor has Cross-Claimant shown affiliations between Triple Fashion and California sufficient for general jurisdiction.  <u>Daimler</u>, 571 U.S. at 138 (a foreign corporation's activities in the forum can be sufficiently "continuous and systematic" to "render them essentially at home in the forum state").  Because Triple Fashion has no physical presence in California, none of its employees reside or do business there, and it is does not sell products in California, it cannot be said to be "at home" in California.  <u>See</u> Dai decl. ¶ 8.  Cross-Claimant makes a bare allegation that Triple is doing business in California, Cross-Compl. ¶ 2, but there are no facts to support this.  Absent any specific allegations or evidence showing otherwise, the Court finds that Defendant Triple Fashion is not subject to its general jurisdiction.

      b.  *Specific Jurisdiction*

The Ninth Circuit employs a three-part test to determine whether a court has specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof;

7

or perform some act by which he purposefully
avails himself of the privilege of conducting
activities in the forum, thereby invoking the
benefits and protections of its laws; (2) the
claim must be one which arises out of or relates
to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport
with fair play and substantial justice, i.e. it
must be reasonable.

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d
1218, 1227-28 (9th Cir. 2011).

The plaintiff bears the burden of proving prongs
one and two. Id. The defendant must then present a
"compelling case" that the exercise of personal
jurisdiction would be unreasonable. Boschetto v.
Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008). If the
plaintiff fails to establish either prong one or two,
the "jurisdictional inquiry ends and the case must be
dismissed." Id. When assessing specific jurisdiction,
"only contacts occurring prior to the event causing the
litigation may be considered." Farmers Ins. Exchange
v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913
(9th Cir. 1990).

1. *Purposeful Availment*

A purposeful availment analysis is most often used
in suits sounding in contract. Schwarzenegger, 374
F.3d at 802 ("A showing that a defendant purposefully

8

availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.").

Here, Cross-Claimant alleged implied contractual indemnity against Defendants based on contracts formed in New York.  The contract was entered into through orders placed by Cross-Claimant via email sent from Cross-Claimant's New York office, and received at Triple Fashion's sole office in New York.  Gurfinkel Decl. ¶ 9, Ex. 1.  No where in the emails do the parties discuss activities occurring in California specific to this contract.  The contract was then performed in China, where the garments were manufactured, Dai Decl. ¶ 11, and in New York, where the garments were delivered to Cross-Claimant's warehouse.  <u>See</u> Mot. Exs. D, H, I.  Defendants argue the contract was completed once the garments were delivered, and any subsequent distribution to California was done unilaterally by Cross-Claimant.  As Cross-Claimant did not explain how there is specific jurisdiction over its contract claims in its Opposition, or allege any facts indicating Triple Fashion was involved after the garments were delivered,[3]

_____

[3] Cross-Claimant points out that during the course of its relationship with Defendants, Defendants have shipped finished garments to California before.  Gurfinkel Decl. ¶ 8.  However, these shipments allegedly occurred two years after the events giving rise to the instant claims, from January, 2018, to March,

the Court agrees that the contract was completed upon delivery. Because the contracts were between two out-of-state entities and were neither executed nor performed in California, there is not a sufficient showing of purposeful availment.[4]

## 2. *Remaining Prongs*

The remaining prongs are whether Plaintiff's claims arise out of Defendants' forum-related activities and whether the exercise of jurisdiction would be reasonable. Because Plaintiff did not show that Defendants purposefully availed themselves, the Court need not delve into the remaining two prongs. Boschetto v. Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008)(if the plaintiff fails to establish either prong one or two of the Ninth Circuit three-part test for

_____

2018. Cross-Claimant's RJN, Ex. 1, 14:22-24. It cannot be said that these shipments occurring in 2018 are sufficient to establish specific jurisdiction because they occurred after the events at issue. Farmers Ins. Exchange, 907 F.2d at 913 (when assessing specific jurisdiction, "only contacts occurring prior to the event causing the litigation may be considered").

[4] The Court notes that much of Cross-Claimant's arguments focus on a purposeful direction analysis that Defendants acted intentionally and expressly aimed conduct toward California by attaching hangtags to garments for nationwide retailers. Cross-Cl.'s Opp'n 7:21-28, ECF No. 43. However, purposeful direction is only relevant to the already dismissed copyright claims in the FAC. Brayton, 606 F.3d at 1128 (finding purposeful direction the proper framework for copyright infringement). Cross-Claimant did not offer this argument for why there is purposeful availment, and even if it had, it would fail as it seems like a masked "stream of commerce" argument: "placement of a product into the stream of commerce, without more, is not an act purposefully directed toward the forum state." Holland Am. Line Inc. v. Wartsila N. Am. Inc., 485 F.3d 450, 459 (9th Cir. 2007).

10

specific jurisdiction, the "jurisdictional inquiry ends and the case must be dismissed"). Therefore, specific jurisdiction is not satisfied, and the Court **GRANTS** Defendants' Motion to Dismiss as to Triple Fashion.[5]

### 3. Personal Jurisdiction Over Dai

The paradigm for general jurisdiction over an individual is the individual's domicile. <u>Daimler</u>, 571 U.S. at 137. Dai is a resident of New Jersey, has never lived in or paid taxes in California, has not visited California in the past ten years, and does not have a mailing address, bank account, or own property in California. Dai Decl. ¶¶ 3-5. Because Dai is domiciled in New Jersey and has no physical presence in California, the Court lacks general jurisdiction over Dai.

Defendants argue that there is also no specific jurisdiction over Dai because during her years as president of Triple Fashion, Dai has never directed any of her activities in her personal capacity or on behalf of Triple Fashion toward California. Cross-Claimant did not provide an argument for why California has specific jurisdiction over Dai. The extent of Dai's

---

[5] The Court does note that Cross-Claimant also fails on prong two, "but for" *Defendants'* contacts with California, would the claims have arisen." <u>Ballard v. Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995). The claims arose from Defendants' activity in China manufacturing the garments, and in New York, by entering into the contract and delivering the garments to Cross-Claimant there. There is simply no showing Defendants had any contact with California in its dealings with Cross-Claimant.

involvement as alleged in the Cross-Complaint is that Triple Fashion and Dai promoted and sold the products allegedly infringing Plaintiff's Subject Design to Cross-Claimant. Cross-Compl. ¶ 18. Given that the Court has found there is no specific jurisdiction over Triple Fashion, Dai cannot be subject to specific jurisdiction without a showing that she purposely availed herself in her personal capacity. There are no allegations in the Cross-Complaint regarding what Dai did to promote and sell the Subject Design garments in California specifically. In fact, the Cross-Complaint does not even mention California in relation to Dai.[6] Beyond these general allegations, there is no basis to find that Dai should be subject to this Court's jurisdiction in her individual capacity and the Court **GRANTS** Defendant's Motion to Dismiss as to Dai.

   4.   <u>Request for Jurisdictional Discovery</u>

   Cross-Claimant requests that if the Court grants Defendants' Motion, that Cross-Claimant be afforded the opportunity to conduct jurisdictional discovery on both general and specific jurisdiction. Opp'n at 24:10-17. Cross-Claimant's Opposition does not inform the Court of details regarding what the additional discovery

--------

   [6] The only instances where California is mentioned in the Cross-Complaint are where Cross-Claimant Alexia Admor alleges it does business in California, and where it alleges Triple Fashion does business in California. Cross-Compl. ¶¶ 1-2. However, the bare allegation that Triple Fashion "does business in California," without more, is not sufficient to establish specific jurisdiction over Dai in her personal capacity.

would establish.  <u>Boschetto</u>, 539 F.3d at 1020
(affirming jurisdictional discovery request denial
"based on little more than a hunch that [discovery]
might yield jurisdictionally relevant facts"); <u>see also</u>
<u>Butcher's Union Local No. 498 v. SDC Inv., Inc.</u>, 788
F.2d 535, 540 (9th Cir. 1986)(affirming refusal of
jurisdictional discovery where plaintiffs "state only
that they 'believe' discovery will enable them to
demonstrate sufficient [] contacts").  Because Cross-
Claimant has failed to show more than speculative
allegations of attenuated jurisdictional contacts "in
the face of specific denials made by [D]efendants" thus
far, "the Court need not permit even limited
discovery."  <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d
555, 562 (9th Cir. 1995).  Thus, the Court
**DENIES** Cross-Claimant's request.

///
///
///
///
///
///
///
///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, the Court: **GRANTS** Defendants Triple Fashion and Dai's Motion to Dismiss the Cross-Complaint; **DENIES as MOOT** Defendants Triple Fashion and Dai's Motion to Dismiss the First Amended Complaint; and **DENIES** Cross-Claimant Alexia Admor's Request for Jurisdictional Discovery.

The Clerk shall terminate Cross-Defendant Triple Fashion and Cross-Defendant Lixin Dai.

**IT IS SO ORDERED.**


DATED: September 24, 2018          s/ RONALD S.W. LEW

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge